IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ROBERT HARDEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **4:07CV3154** |
| | ) | |
| v. | ) | |
| | ) | |
| **STATE OF IOWA, DES MOINE, Cities of, MALLARD, Cities of, EMMETTSBERG, Cities of, AMBER HARDEN, JEFF STOKER, and PAULA STOKER,** | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Robert Harden, a prisoner in Tecumseh, NE. Also before the court is filing no. 2, the plaintiff's Motion to Proceed In Forma Pauperis ("IFP"). Because the plaintiff is incarcerated, the Prison Litigation Reform Act ("PLRA") applies to this case. The PLRA requires the court to screen civil rights complaints brought by confined persons. See, e.g., 28 U.S.C. § 1915A, which directs the court to screen prisoner complaints. Similarly, by moving for leave to proceed IFP, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

In this case, the plaintiff has sued the State of Iowa, three cities in the State of Iowa and three individuals who are not otherwise discussed in the complaint. The cities have filed criminal charges against the plaintiff, and the plaintiff wants those charges dismissed. The content of the Complaint is very similar to the claims raised in a separate District Court Action Case No. 8:06cv770, which was dismissed by the Honorable Joseph F. Bataillon for lack of personal jurisdiction and failure to state a claim on which relief may be granted.

As was discussed in that case, if the plaintiff wishes to pursue a civil rights action, he must do so in an Iowa court. If, instead, he wishes to bring an action in the nature of habeas corpus to challenge the charges against him, the plaintiff may proceed in Nebraska where he is in custody, but only by petition for writ of habeas corpus and only if he has previously exhausted his Iowa state-court remedies.

Furthermore, as was also explained in the plaintiff's previous District Court case, this court does not have personal jurisdiction over the Cities of Emmettsburg, Mallard or Des Moines, Iowa or for that matter the State of Iowa. Those cities lack sufficient "minimum contacts" with the State of Nebraska to satisfy the Due Process Clause of the United States Constitution. If the plaintiff wants to bring a civil rights action against Iowa cities, he must file that action in an Iowa court which would have jurisdiction over Iowa cities.

In addition, the plaintiff's complaint fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). The plaintiff asks this court to order the "erasure of the false documents and perjury to [plainitff's] good name," essentially asking for this court to dismiss of charges brought against plaintiff by the named Cities. The plaintiff also seeks compensation and wants certain persons sent to jail. As was previously

explained to the plaintiff, none of the relief sought by the plaintiff can be obtained in a civil rights action such as this.

To obtain dismissal of criminal charges filed against him, the plaintiff must file a habeas corpus or similar action, not a civil rights case. See, e.g., Muhammad v. Close, 540 U.S. 749, 750 (2004):

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 ... (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. In Heck v. Humphrey, 512 U.S. 477 ... (1994), we held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence .... In each instance, conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas served the practical objective of preserving limitations on the availability of habeas remedies.

Thus, because the plaintiff alleges that he is in custody on account of a wrongful charge or conviction in a state court, he must first prevail in a habeas corpus or similar proceeding in state or federal court before he may bring a civil rights action in federal court. Because the plaintiff is in custody in Nebraska, he may bring a habeas corpus action in Nebraska, but he must name an appropriate Iowa respondent. Most important, no habeas corpus case in federal court will be allowed to proceed if the federal claims have not been exhausted by presentation to all appropriate Iowa state district and appellate courts first.

For the foregoing reasons, this case will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). The plaintiff's Motion to Proceed IFP is denied as moot, and thus, no order will be issued directing collection of a filing fee.

THEREFORE, IT IS ORDERED:

1. That the above-entitled case and the plaintiff's complaint are dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B);

2. That filing no. 2 is denied as moot; and

3. That judgment will be entered in accordance with this Memorandum and Order.

June 19, 2007.　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　*s/ Richard G. Kopf*
　　　　　　　　　　　　　　　　　United States District Judge